UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV 18-1971-MWF (SHKx) | Date: November 26, 2018 |
| Title: Stater Bros. Markets v. Carolina Transportation, Inc. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: MOTION TO REMAND [12]

Before the Court is Plaintiff Stater Bros. Market's Motion to Remand to State Court and Request for Attorneys' Fees (the "Motion"), filed on October 12, 2018. (Docket No. 12). Defendant Carolina Transportation, Inc. filed an Opposition on November 5, 2018. (Docket No. 15). Plaintiff filed a Reply on November 9, 2018. (Docket No. 18).

The Court has read and considered the papers filed on the Motion and held a hearing on November 26, 2018.

For the reasons set forth below, the Motion is **DENIED**. Defendant was not in receipt of "other paper" sufficient to put it on notice of removability by July 12, 2018. Plaintiff's request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

I.  **BACKGROUND**

Plaintiff initiated this action on March 26, 2018, in San Bernardino Superior Court. (*See* Complaint ("Compl.") (Docket No. 1-1)). Plaintiff asserts one claim for breach of contract. (*Id.* ¶¶ 5-29). Defendant removed the case to this Court on September 14, 2018. (Notice of Removal (Docket No. 1)).

This action arises out of a sublease agreement between the parties that was set to begin on March 1, 2018. (Declaration of Brendan W. Brandt ("Brandt Decl.") ¶ 4 (Docket No. 12-1)). The monthly base rent of the sublease was $32,104.80. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-1971-MWF (SHKx)                    Date:  November 26, 2018
Title:      Stater Bros. Markets v. Carolina Transportation, Inc.

Plaintiff claims that Defendant breached the agreement by terminating the sublease on March 5, 2018.  (*Id.* ¶ 5).

Defendant was served with a copy of the Complaint and Summons on March 29, 2018.  (Brandt Decl. ¶ 2).  In the Complaint, Plaintiff requests damages for "the amount by which the unpaid rent which would have been earned after termination until the time of award exceeds the amount of such rent loss that Defendant Carolina affirmatively proves could have been reasonably avoided . . . ."  (Compl. ¶ 29(b)).

On July 12, 2018, Plaintiff served responses to Defendant's written discovery requests.  (Mot. at 13).  Among those responses, Plaintiff indicated the extent of its purported damages by stating, "Plaintiff, in an effort to relet the subject premises and mitigate damages, has incurred and will incur additional expenses for, among other things, lost rent, advertising, brokerage fees, and attorney's fees all in an amount to be proven at trial."  (Brandt Decl., Ex. B at 6).

## II.   DISCUSSION

### A.   Compliance with the Local Rules

As an initial matter, Defendant contends that the Motion should be denied outright because Plaintiff's counsel failed to meet and confer prior to filing the Motion, in violation of Local Rule 7-3.  (Opp. at 2).  Plaintiff's counsel responds that Stater's failure to meet and confer was an oversight, but that ultimately Defendant did not suffer any prejudice.  (Reply at 13).

The Court agrees with Plaintiff that Defendant does not appear to have suffered prejudice as a result of the failure to meet and confer.  The Court, therefore, will consider the merits of the Motion.  *See Reed v. Sandstone Properties, L.P.*, No. CV 12-5021 MMM (VBKx), 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013) ("Because Reed suffered no real prejudice as a result of the late conference, however, the court elects to consider the motion on the merits."); *Gonzalez v. Heritage Pac. Fin., LLC*, No. 2:12-CV-01816-ODW, 2012 WL 3263749, at *3 (C.D. Cal. Aug. 8, 2012) ("While the Court does not excuse Plaintiff's noncompliance [of Local Rule 7-3], it finds that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-1971-MWF (SHKx)                    Date:  November 26, 2018
Title:     Stater Bros. Markets v. Carolina Transportation, Inc.

Defendants were not prejudiced by this violation, and thus the Court refuses to deny Gonzalez's motion on this basis.").

Plaintiff's counsel, however, is warned to scrupulously comply with the Local Rules going forward.

### B. Timeliness of Removal

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles,* Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Here, the parties do not dispute that the underlying facts show removal was proper. The parties contest only the timing of Defendant's removal.

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" If the initial pleadings do not state a removable case, 28 U.S.C. § 1446(b)(3) additionally permits removal "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The statute "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability," but "defendants need not make extrapolations or engage in guesswork." *Kuxhausen v. BMW Fin. Servs. N.A. LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (citation omitted). Although the time limit is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-1971-MWF (SHKx)                    Date:  November 26, 2018
Title:     Stater Bros. Markets v. Carolina Transportation, Inc.

petition will defeat removal . . . ." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

In Plaintiff's view, Defendant had notice that the amount in controversy exceeded the $75,000 jurisdictional threshold on two separate occasions.

First, Plaintiff argues that Defendant had notice that the amount in controversy exceeded $75,000 by at least June 1, 2018, when three months of rent for the sublease was due. (Mot. at 12). Plaintiff explains that, given the $32,104.80 monthly base rent for the sublease, the $75,000 threshold necessary to remove the case to federal court was met on June 1, 2018, when three months of rent was due. (*Id.* at 7). Therefore, Plaintiff argues, Defendant should have filed the notice of removal by July 2, 2018. (*Id.*). Plaintiff further argues that Plaintiff's counsel had a telephone call with Defendant's in-house counsel on April 17, 2018, and expressed that Plaintiff "would be seeking rent for the entire term of the lease." (Brandt Decl. ¶ 8).

Second, Plaintiff argues that even if Defendant did not have notice of removability on June 1, 2018, Defendant was in receipt of "other paper" from which removability could be ascertained on July 12, 2018, when Defendant was served with written discovery indicating damages above the jurisdictional minimum. (Mot. at 13). Plaintiff claims that its response to Form Interrogatory No. 9.1 "put at-issue at least four months' lost rent, which is approximately $128,419.20." (*Id.* at 8). Therefore, Plaintiff argues, Defendant was required to remove the action by no later than August 13, 2018. (*Id.* at 14).

Defendant does not dispute that a defendant may be required to "[m]ultiply figures clearly stated" as part of the obligation to ascertain removability. (Opp. at 6 (citing *Kuxhausen*, 707 F.3d at 1140)). Defendant argues, however, that the Complaint and written discovery responses provided "ambiguous statements of damages" that precluded Defendant from ascertaining the removability of the case. (*Id.* at 5). Defendant explains that, even though the Complaint indeed listed the monthly base rent, "plaintiff failed to indicate whether plaintiff sought lost rent for the entire lease term." (*Id.* at 7). Furthermore, Defendant argues, Plaintiff failed to indicate "whether it found a new subtenant, which would have impacted the amount of damages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-1971-MWF (SHKx)                    Date:  November 26, 2018
Title:     Stater Bros. Markets v. Carolina Transportation, Inc.

claimed." (*Id.*).  Defendant contends that these issues remained present in the written discovery responses.  (*Id.*).  Defendant also argues that the telephone call on April 17, 2018, did not trigger the 30-day time limit to file a notice of removal because oral communications do not constitute "other paper."  (*Id.* at 8).

The Court agrees with Defendant that the Complaint is ambiguous on its face because Plaintiff did not indicate whether the property remained vacant.  This defect was not corrected in the written discovery.

Plaintiff argues, however, that "this fact is not determinative[,] as [Plaintiff's counsel] mentioned [to Defendant on April 17, 2018] that Stater would be seeking rent for the entire term of the lease, which is clearly greater than $75,000."  (Reply at 10).  As even Plaintiff admits, telephone calls do not qualify as "other paper" for purposes of triggering removal.  (Mot. at 8-9 ("Defendant has provided no authority that a telephone conversation qualifies as 'other paper' as explained in section 1446.")).  Indeed, telephone conversations generally do not trigger the 30-day time limit.  *See Jiminez v. Sears, Roebuck & Co.*, No. CV10-1076PA(FFMX), 2010 WL 653548, at *2 (C.D. Cal. Feb. 18, 2010) ("[D]istrict courts have generally held that oral statements are not an 'other paper' which triggers removal under 42 U.S.C. § 1446(b)."); *Smith v. Bally's Holiday*, 843 F. Supp. 1451, 1455 (N.D. Ga. 1994) ("[T]he bulk of the cases that broadly construe the second paragraph of § 1446(b) to include oral statements involve oral statements that were *reduced to writing at the time of making*.") (italics in original).  This is because "[a]llowing oral communications . . . to establish the amount in controversy would present enormous proof problems, and potentially require an evidentiary hearing on every notice of removal and motion for remand."  *Id.* (quoting *Thomas v. Ritter*, No. 3:98CV530-H, 1999 WL 1940047 at *2 (W.D.N.C. Feb. 11, 1999)).

Accordingly, because the telephone call on April 17, 2018, does not qualify as "other paper" by which Defendant could have been put on notice of removability, Defendant's failure to remove the action by August 13, 2018, does not constitute a sufficient basis for remand.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 18-1971-MWF (SHKx) | **Date:** November 26, 2018 |
| **Title:** Stater Bros. Markets v. Carolina Transportation, Inc. | |

## III. CONCLUSION

For the foregoing reasons, the Motion is **DENIED**. The request for attorneys' fees and costs is likewise **DENIED**. The Court is in receipt of Defendant's Answer to the Complaint filed on September 14, 2018. (Docket No. 8).

IT IS SO ORDERED.